UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
OCALA DIVISION

| | | |
|---|---|---|
| AUGUSTUS INVICTUS | ) | Civil Action No. 5:21-cv-103 |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| STATE OF FLORIDA; | ) | |
| | ) | |
| NINTH JUDICIAL CIRCUIT; | ) | |
| | ) | |
| CHIEF ADMINISTRATIVE JUDGE DONALD MYERS; and | ) ) | |
| | ) | |
| FAMILY TIES, | ) | |
| | ) | |
| Defendants. | ) ) | |

**COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF**

### I.     PRELIMINARY STATEMENT

1.     Plaintiff is a party in a family court case in Orange County, Florida. Plaintiff was ordered to supervised visitation with Defendant Family Ties. Defendant Family Ties allows only one 15-minute video call per week with Plaintiff's children, with all in-person contact forbidden on account of COVID-19. This rule was instituted by Defendant Chief Administrative Judge Donald Myers of Defendant Ninth Judicial Circuit of Florida in accordance with guidelines established by Defendant State of Florida. The restriction of Plaintiff's visitation with his minor children is an inhuman violation of Plaintiff's basic human rights and Fifth Amendment rights.

## II.     JURISDICTION AND VENUE

2. Plaintiff brings this action pursuant to 42 U.S.C. §1983 for violations of civil rights under the Fifth Amendment to the United States Constitution and Article I, Section 2 of the Florida Constitution.

3. The case presents a federal question within this Court's jurisdiction under Article III, § 2 of the United States Constitution and 28 U.S.C. §§ 1331 and 1343. The Court has supplemental jurisdiction over the State law claims pursuant to 28 U.S.C. § 1367.

4. Declaratory relief is authorized by 28 U.S.C. §§ 2201 and 2202.

5. Venue is proper in this Court under 28 U.S.C. § 1391(b) because a substantial part of the events and omissions giving rise to the claim occurred in this district and Defendants reside in Florida.

## III.     PARTIES

6. Plaintiff Augustus Invictus is a resident of Ocala, Florida and a party in an Orange County family court case. His minor children at issue are residents of Orlando, Florida.

7. Defendant State of Florida is a governmental entity.

8. Defendant Ninth Judicial Circuit is a judicial circuit of the State of Florida.

9. Defendant Chief Administrative Judge Donald Myers is the head of Defendant Ninth Judicial Circuit of Florida and, in this position, is sued in his official capacity.

10. Defendant Family Ties is a program of the Family Court Division of Defendant Ninth Judicial Circuit.

## IV. STATEMENT OF FACTS

11. Plaintiff was referred to Defendant Family Ties for supervised visitation with his minor children on 03 February 2021.

12. Defendant Family Ties informed Plaintiff in his orientation of 09 February 2021 that his visitation would be a 15-minute video call once a week; that in-person contact with his minor children was forbidden on account of COVID-19; and that this situation was to last indefinitely.

13. Defendant Family Ties further informed Plaintiff that this rule was by Order of Defendant Chief Administrative Judge Donald Myers as head of Defendant Ninth Judicial Circuit.

14. Defendant Myers' Order is based upon the guidelines established by the Orders of the Supreme Court of Defendant State of Florida.

15. At all relevant times, Defendants were acting under color of law and color of authority as governmental entities, judges, and judicial agencies and employees or agents of the State of Florida.

## V. CAUSES OF ACTION

### FIRST CAUSE OF ACTION
### VIOLATION OF FIFTH AMENDMENT RIGHT TO DUE PROCESS
### 42 U.S.C. § 1983

16. Plaintiff restates and incorporates by reference the allegations contained in the preceding paragraphs of this Complaint.

17. In the following paragraphs, references to the Fifth Amendment include the Fifth Amendment as applied to the States through the Fourteenth Amendment.

18. Defendants' refusal, while acting under color of law, to allow Plaintiff in-person visitation with his own minor children is a violation of Plaintiff's federal and State rights to due process. U.S. Const. Amend. V, XIV; Fla. Const. Art. I, § 9.

## SECOND CAUSE OF ACTION
## VIOLATION OF FIFTH AMENDMENT LIBERTY INTEREST
## 42 U.S.C. § 1983

19. Plaintiff restates and incorporates by reference the allegations contained in the preceding paragraphs of this Complaint.

20. In the following paragraphs, references to the Fifth Amendment include the Fifth Amendment as applied to the States through the Fourteenth Amendment.

21. Defendants' refusal, while acting under color of law, to allow Plaintiff in-person visitation with his own minor children is a violation of Plaintiff's liberty interest stemming from the Fifth Amendment. U.S. Const. Amend. V, XIV.

## THIRD CAUSE OF ACTION
## VIOLATION OF BASIC RIGHTS
## FLORIDA CONSTITUTION, ART. I, SEC. 2

22. Plaintiff restates and incorporates by reference the allegations contained in the preceding paragraphs of this Complaint.

23. Defendants' refusal, while acting under color of law, to allow Plaintiff in-person visitation with his own minor children is a violation of Plaintiff's basic rights as recognized by Article I, Section 2 of the Florida Constitution. Fla. Const. Art. I, § 2.

24. Defendant State of Florida has recognized Floridians' right to work, to socialize, and to send their children to school; there exists, therefore, no compelling interest for Defendants to deny Floridians' right to see their own children or parents.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully requests that the Court enter judgment in his favor and against Defendants, and award the following relief:

A. Declare that Defendants have violated the Fifth Amendment of the United States Constitution, both on its face and as applied to Plaintiff;

B. Declare that the Defendants have violated Article I, Section 9 of the Florida Constitution, both on its face and as applied to Plaintiff;

C. Declare that Defendants have violated Plaintiff's basic rights as recognized by Article I, Section 2 of the Florida Constitution;

D. Preliminarily and permanently enjoin Defendants, their officers, agents, servants, employees, and attorneys, and those persons in active concert or participation with them who receive actual notice of the injunction, to allow in-person visitation with his minor children immediately;

E. Award Plaintiff his costs and reasonable attorneys' fees in this action; and

F. Grant Plaintiff such other relief as this Court may deem just and proper.

Dated: February 22, 2021                    Respectfully submitted,

/s/ Augustus Invictus_____
Augustus Invictus
424 E. Central Blvd. #156
Orlando, Florida 32801
Phone: 407.625.5636
Email: InvictusPA@protonmail.com