UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
OCALA DIVISION

**AUGUSTUS INVICTUS,**

    **Plaintiff,**

v.                                                 Case No: 5:21-cv-103-PGB-PRL

**STATE OF FLORIDA, NINTH
JUDICIAL CIRCUIT, DONALD
MYERS and FAMILY TIES,**

    **Defendants.**

---

### REPORT AND RECOMMENDATION[1]

This action grew out of on ongoing family court case in Orange County, Florida. Plaintiff alleges that various state court judges, as well as the Department of Revenue violated his constitutional rights and federal law, for which he now seeks injunctive relief pursuant to 42 U.S.C. § 1983. In the instant motions (Docs. 3, 4), Plaintiff moves the Court to proceed *in forma pauperis*. For the following reasons, the motions should be denied (Docs. 3, 4) and the Complaint dismissed.

    **I.**    **Legal Standards**

An individual may be allowed to proceed *in forma pauperis* if he declares in an affidavit that he is unable to pay such fees or give security therefor. 28 U.S.C. § 1915(a)(1). However, before a plaintiff is permitted to proceed in forma pauperis, the Court is obligated to review

---

[1] Within 14 days after being served with a copy of the recommended disposition, a party may file written objections to the Report and Recommendation's factual findings and legal conclusions. *See* Fed. R. Civ. P. 72(b)(3); Fed. R. Crim. P. 59(b)(2); 28 U.S.C. § 636(b)(1)(B). A party's failure to file written objections waives that party's right to challenge on appeal any unobjected-to factual finding or legal conclusion the district judge adopts from the Report and Recommendation. *See* 11th Cir. R. 3-1.

the complaint to determine whether it is frivolous, malicious, "fails to state a claim upon which relief may be granted[,] or ... seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2). If the complaint is deficient, the Court is required to dismiss the suit sua sponte. *Id.*

"A lawsuit is frivolous if the plaintiff's realistic chances of ultimate success are slight." *Clark v. Ga. Pardons and Paroles Bd.*, 915 F.2d 636, 639 (11th Cir. 1984) (internal citations omitted). The district court may dismiss a complaint under §1915 on grounds of frivolousness if an affirmative defense would defeat the action. *Id.* at 640. For example, the absolute immunity of the defendant would justify the dismissal of a claim as frivolous. *Id.* at 640, n. 2. "When the defense is apparent from the fact of a complaint or the court's records, courts need not wait and see if the defense will be asserted in a defensive pleading." *Id.* "Indigence does not create a constitutional right to the expenditure of public funds and the valuable time of the courts in order to prosecute an action which is totally without merit." *Phillips v. Mashburn*, 746 F.2d 782, 785 (11th Cir. 1984) (citing *Collins v. Cundy*, 603 F.2d 825, 828 (10th Cir. 1979)).

In evaluating a complaint under §1915, a document filed *pro se* is to be liberally construed. *Erickson v. Pardus*, 551 U.S. 89, 94, 127 S.Ct. 2197, 2200, 167 L.Ed. 2d 1081 (2007). Nonetheless, to survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to "state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly,* 550 U.S. 544 at 570 (2007). A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. *Id.,* at 556, 127 S.Ct. 1955. The plausibility standard is not akin to a "probability requirement," but it asks for more than a sheer possibility that a defendant has acted unlawfully. *Ibid*. *Ashcroft v. Iqbal*, 556 U.S. 662, 129 S.Ct. 1937,

1949, 173 L. Ed. 2d 868 (2009). While Rule 8(a), Federal Rules of Civil Procedure, does not require detailed factual allegations, "it demands more than an unadorned, the defendant unlawfully-harmed-me accusation." *Iqbal*, 129 S.Ct. at 1949. A pleading is insufficient if it offers mere "labels and conclusions" or "a formulaic recitation of the elements of a cause of action." *Twombly*, 550 U.S. 544, 555.

## II.    Background

Plaintiff's claims arise from his ongoing case for the dissolution of marriage with children pending in Orange County, Florida—Case No. 2020-DR-012272-O, *Anna Arceneaux v Augustus Invictus*.[2] Plaintiff alleges that on February 3, 2021 he was referred to Defendant Family Ties for supervised visitation with his minor children. Family Ties advised Plaintiff that pursuant to an Order by Defendant Chief Administrative Judge Donald Myers (based upon guidelines established by the Orders of the Supreme Court of Defendant State of Florida), his visitation would be limited to a 15-minute video once a week; that in-person contact with his minor children was forbidden on account of COVID-19; and that this situation would last indefinitely. Plaintiff alleges that the refusal to allow in-person visitation with his children violates his rights under the Fifth Amendment and the Florida Constitution. He asks this Court to declare that Plaintiff's constitutional rights have been violated and enjoin Defendants to allow in-person visitation with his minor children.

---

[2] The docket for this case can be accessed electronically at:
https://myeclerk.myorangeclerk.com/CaseDetails?caseId=11562012&caseIdEnc=zrSkRAGZGuucWCxWglFkZne2WjFkmyA%2Beq2SclCyhir9glVz1iadi%2FCQIa4WnIpYBMBwVCtVeZtnjtPDeggwkCbAm%2FpzNRGAtS%2Fp7yNE3Ck%3D

### III.     Discussion

Plaintiff's claims for injunctive relief should be dismissed under *Younger v. Harris*, 401 U.S. 37 (1971) and its progeny which instruct district courts to "refrain from enjoining pending state court proceedings except under special circumstances." *Old Republic Union Insurance Co. v. Tillis Trucking Co., Inc.,* 124 F.3d 1258, 1261 (11th Cir.1997) (explaining that *Younger* abstention applies to injunctions and declaratory judgments that would effectively enjoin state proceedings). The *Younger* abstention doctrine asks three questions: "first, do the proceedings constitute an ongoing state judicial proceeding; second, do [the proceedings] implicate important state interests; and third, is there an adequate opportunity in the state proceedings to raise constitutional challenges." *31 Foster Children v. Bush,* 329 F.3d 1255, 1274 (11th Cir.2003) (quoting *Middlesex County Ethics Committee v. Garden State Bar Association,* 457 U.S. 423, 432, 102 S.Ct. 2515, 73 L.Ed.2d 116 (1982)). If the answer to those inquiries is "yes," then federal courts must abstain from intervention in the ongoing, state-court proceedings.

Here, Plaintiff takes issue with actions taken in state court proceedings, which were ongoing at the time he filed his Complaint in this Court and continue to be litigated. *See Ronet v. Clerk of the Thirteenth Judicial Circuit Court in and for Hillsborough County*, No. 6:08-cv-1748-Orl-31KRS, 2008 WL 5110820, at *1 (M.D. Fla. Dec. 2, 2008) (noting court may consider records outside the pleadings when determining whether a complaint under §1915 should be dismissed as frivolous). Entertaining the relief requested by Plaintiff's Complaint would "directly interfere with" the ongoing state court proceedings. *See 31 Foster Children,* 329 F.3d at 1276.

As to the second question, it is well-settled that matters involving domestic relations and child support implicate important state interests. *Davis v. Self*, 547 Fed. Appx 927, 930 (11th Cir. 2013). And for the final question, Plaintiff has not met his "burden of establishing that the state proceedings do not provide an adequate remedy for [his] federal claims." *31 Foster Children,* 329 F.3d at 1279. A federal court "should assume that state procedures will afford an adequate remedy, in the absence of unambiguous authority to the contrary." *Id.* What matters is whether Plaintiff is procedurally prevented from raising his constitutional claims in the state court—not whether his claim would likely be successful on the merits in the state court. *Davis,* 547 Fed. Appx at 931 (quoting *Pompey v. Broward Cnty.,* 95 F.3d 1543, 1551 (11th Cir.1996)). Here, Plaintiff does not claim that he was procedurally barred from raising his constitutional claims in state court.

Finally, although not expressly plead, any claim against Judge Doug Myers for damages under § 1983 is barred by judicial immunity. Judges are immune from liability for damages for acts committed in a judicial capacity and within their judicial jurisdiction. *Simmons v. Conger*, 86 F.3d 1080, 1085 (11th Cir. 1996). "[J]udicial immunity is an immunity from suit, not just from ultimate assessment of damages. Accordingly, judicial immunity is not overcome by allegations of bad faith or malice, the existence of which ordinarily cannot be resolved without engaging in discovery and eventual trial." *Hyland v. Kolhage,* 267 Fed. Appx. 836, 839-40 (11th Cir. 2008) (quoting *Mireles v. Waco*, 502 U.S. 9, 11 (1991)). It protects judicial independence by "insulating judges from vexatious actions prosecuted by disgruntled litigants." *Forrester v. White*, 484 U.S. 219, 225 (1988). Here, the entry of the administrative order was plainly "judicial in nature" and taken within Judge Myers' judicial jurisdiction. *Mireles v. Waco,* 502 U.S. 9, 12 (1991).

Since Plaintiff has failed to allege a cognizable cause of action within the Court's limited jurisdiction, it is **recommended** that the motions (Docs. 3, 4) be **denied** and the Complaint (Doc. 1) be **dismissed.**

Recommended in Ocala, Florida on March 11, 2021.

PHILIP R. LAMMENS
United States Magistrate Judge

Copies furnished to:

Presiding District Judge
Counsel of Record
Unrepresented Party
Courtroom Deputy