**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**OCALA DIVISION**

| | |
|---|---|
| AUGUSTUS INVICTUS ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. 5:21-cv-103-BJD-PRL |
| ) | |
| STATE OF FLORIDA, NINTH JUDICIAL ) | |
| CIRCUIT, CHIEF ADMINISTRATIVE ) | |
| JUDGE DONALD MYERS, and FAMILY ) | |
| TIES, ) | |
| ) | |
| Defendants. ) | |
| ) | |

### OBJECTION TO REPORT AND RECOMMENDATION

Plaintiff, Augustus Invictus, ("Plaintiff"), for the reasons stated herein, and pursuant to Fed. R. Civ. P. 72(b)(2), files these written objections to Magistrate Judge Philip R. Lammens' Report and Recommendation of 11 March 2021 (Doc. 9).

**I.    BACKGROUND**

The Report and Recommendation by Magistrate Judge Lammens concerns the Application to Proceed in District Court without Prepaying Fees or Costs filed by Plaintiff on 22 February 2021. (Doc. 3). Judging by the Report, it is uncontested that Plaintiff is, in fact, indigent and qualified to proceed *in forma pauperis*. The issue is whether Plaintiff's Complaint is frivolous and should be dismissed, along with Plaintiff's motion to proceed *in forma pauperis*, without the Defendants being bothered to respond.

The Magistrate's summation of the facts, (Doc. 9, p.3), is correct. The Magistrate's summation of the case, however, is incorrect. While it is correct that Plaintiff "seeks

1

injunctive relief pursuant to 42 U.S.C. § 1983," it is incorrect that this action is against "various state court judges" or "the Department of Revenue." (Doc 9, p.1). The Defendants, as listed in the case style above, are the State of Florida (to be removed), the Ninth Judicial Circuit, Chief Administrative Judge Donald Myers, and Family Ties. Neither is it correct to assume that Plaintiff seeks damages from Defendant Chief Administrative Judge Donald Myers (see Doc. 9, p.5), as this is a Complaint for Declaratory and Injunctive Relief, not a Complaint for damages. (Doc. 1).

## II. LAW AND ARGUMENT

### A. The *Younger* Abstention Doctrine Is Not Satisfied, and Abstention by This Court Is Unwarranted.

Magistrate Lammens contends that the Complaint should be dismissed under *Younger v. Harris*, 401 U.S. 31 (1971) because this Court should "refrain from enjoining pending state court proceedings except under special circumstances." (Doc. 9, p.4, quoting *Old Republic Union Insurance Co. v. Tillis Trucking Co., Inc.,* 124 F.3d 1258, 1261 (11th Cir.1997)). This argument is despite the fact that Plaintiff does not seek to enjoin state court proceedings but rather seeks an injunction concerning the restrictions placed on supervised visitation by the Defendants outside of the state court proceedings.

Magistrate Lammens invokes the *Younger* abstention doctrine, the three prongs of which are whether "the proceedings constitute an ongoing state judicial proceeding"; whether "[the proceedings] implicate important state interests"; and whether "there is an adequate opportunity in the state proceedings to raise constitutional challenges." (Doc. 9, p.4 (quoting *31 Foster Children v. Bush,* 329 F.3d 1255, 1274 (11th Cir.2003)).

Magistrate Lammens argues that the first prong is satisfied because "Plaintiff takes issue with actions taken in state court proceedings." (Doc. 9, p.4). This is inaccurate. Plaintiff does not challenge in his Complaint the Order of the family court judge, which is contested in the family court in a Motion to Correct Temporary Relief Order and for Order to Show Cause. Rather, Plaintiff challenges the Administrative Order of Defendant Chief Administrative Judge Donald Myers, over which the family court judge has absolutely no authority. Plaintiff's Complaint, therefore, does not concern ongoing state court proceedings but rather the administrative restrictions placed on the supervised visitation by Defendant Family Ties, Defendant Ninth Judicial Circuit, and Defendant Judge Myers, none of whom are parties to the family court case, and none of whom are the judge in that case.

Magistrate Lammens argues that the second prong of the *Younger* abstention doctrine is satisfied because "it is well-settled that matters involving domestic relations and child support implicate important state interests." (Doc. 9, p.5). Plaintiff concedes that the state has an important interest in domestic relations. However, Plaintiff is not moving this Court to enjoin the domestic relations proceedings of the state court. Plaintiff has not asked for any declaratory or injunctive relief whatsoever in regard to the presiding judge of the family court case or in regard to the proceedings under his aegis. Plaintiff has sought relief only in regard to an Administrative Order outside the power of the family court judge. Thus, while domestic relations certainly are an important state interest, the second prong of the *Younger* abstention doctrine does not apply to the present case.

Magistrate Lammens argues that the third prong of the *Younger* abstention doctrine is satisfied because "Plaintiff has not met his "burden of establishing that the state proceedings do not provide an adequate remedy for [his] federal claims" and "Plaintiff does not claim that he was procedurally barred from raising his constitutional claims in state court." (Doc. 9, p.5). This is not, however, a claim that *can* be raised in state court. None of the Defendants in this suit are parties to the family court case; neither are they involved therein in any way, whether as judges or court officers. The unconstitutional Administrative Order in question was not issued by the presiding family court judge but by Defendant Chief Administrative Judge Donald Myers. Plaintiff does not have adequate opportunity to raise constitutional challenges in the state court in regard to the issues in Plaintiff's Complaint before this Court.

The *Younger* abstention doctrine is, therefore, answered in the negative. First, Plaintiff does not seek to enjoin state court proceedings, but rather seeks to enjoin the Ninth Judicial Circuit, the Chief Administrative Judge of that Circuit, and the Family Ties program of that Circuit, to allow actual visitation with his minor children on a referral already issued by the family court judge in the proceedings. Plaintiff does not here challenge the referral to supervised visitation itself, only the terms of supervised visitation outside of the family court's control.  Second, the prong concerning "important state interests" does not apply to this case. Third, there is no adequate opportunity in the state proceedings to raise constitutional challenges. Therefore, this Court should not abstain from entering an injunction against the Defendants barring the enforcement of the unconstitutional supervised visitation restrictions.

Moreover, even if the *Younger* abstention doctrine did apply, special circumstances exist that nullify abstention under *Younger*. "Under *Younger v. Harris* and its progeny, federal district courts must refrain from enjoining pending state court proceedings except under special circumstances." *Old Republic Union Insurance Co. v. Tillis Trucking Co., Inc.,* 124 F.3d 1258, 1261 (11th Cir.1997) (referencing *Younger*, 401 U.S. at 53-54). Defendants have used COVID as an excuse to refuse to allow contact between parents and minor children for over a year, which has caused and continues to cause actual, severe, irreparable harm to Plaintiff and his sons. A restraint on supervised visitation that disallows contact between parents and children is a barbaric monstrosity that cannot be countenanced in civilized society and necessarily creates special circumstances that render abstention in this case both undesirable and unjust, even if the abstention doctrine did apply.

B.   Defendant Judge Donald Myers Is Not Immune from Suit Because He Is Sued for an Injunction Regarding Non-Judicial, Administrative Acts.

Magistrate Lammens argues that "any claim against Judge Doug [*sic*] Myers for damages under § 1983 is barred by judicial immunity." (Doc. 9, p.5). Magistrate Lammens relies upon an unwarranted assumption in his Report and Recommendation, as the Complaint at issue is for Declaratory and Injunctive Relief, not for damages.

As stated in Paragraph 9 of Plaintiff's Complaint, Judge Myers is "sued in his official capacity" not as the presiding judge in Plaintiff's criminal case, but as "head of Defendant Ninth Judicial Circuit of Florida." This is an important distinction that removes the question of judicial acts from the calculus altogether.

"[A] judge is not immune from liability for nonjudicial actions, i.e., actions not taken in the judge's judicial capacity." *Mireles v. Waco,* 502 U.S. 9, 11–12, (citing to *Forrester v. White*, 484 U.S. 219, 227-229 (1988); *Stump v. Sparkman*, 435 U.S. 349, 360 (1978)); *Duvall v. County of Kitsap,* 260 F.3d 1124, 1133 (9th Cir. 2001). In such a circumstance, "judicial immunity is overcome." *Pyle v. Hatley*, 239 F. Supp. 2d 970, 983 (C.D. Cal. 2002).

Here, Plaintiff does not complain of the actions of a presiding judge in his family court case but rather complains of the unconstitutional restrictions on supervised visitation implemented by the administrative head of a Judicial Circuit. Judicial actions in the course of a trial may be entitled to absolute immunity, but administrative actions outside of the context of the trial are not. As noted by Professor Jeffrey Shaman:

> Administrative acts performed by a judge are not regarded as judicial in nature and, therefore, are not within the scope of judicial immunity. Even when essential to the functioning of a court, administrative acts performed by judges are not entitled to the cloak of immunity, because holding judges liable for such acts does not threaten judicial independence in the adjudicative process. That an administrative act is performed by a judge is irrelevant for purposes of immunity; it is the nature of the act in question, not the office of the person performing it, that makes it judicial or nonjudicial.

Jeffrey M. Shaman, Judicial Immunity from Civil and Criminal Liability, 27 San Diego L. Rev. 1, 10 (1990).

Moreover, even if, *arguendo*, Defendant Myers' actions were interpreted as judicial and not administrative, "judicial immunity does not bar injunctive relief against judges." *Id.* at 14. This is because "injunctions, being a form of equitable relief, may only be granted upon a showing that the plaintiff is suffering irreparable injury for which there is no

adequate legal remedy." *Id.* Moreover, the judge is not subject to personal liability, meaning that injunctive relief "does not pose the same kind of risk to the judiciary as other forms of liability, and therefore, it is not necessary to use judicial immunity to interdict it." *Id.* at 14. Defendant Myers is not being sued for damages for judicial acts but for an injunction concerning administrative acts. But even if he were, "judicial immunity is not a bar to prospective injunctive relief against a judicial officer acting in [his] judicial capacity." *Pulliam v. Allen*, 466 U.S. 522, 542 (1984).

Despite all of this, even if Defendant Myers were ultimately immune, the Supreme Court has ruled that immunity is not "relevant to the existence of the Plaintiff's cause of action" but is, rather, "a defense available to the official in question." *Gomez v. Toledo*, 446 U.S. 635, 640 (1980) (referencing *Procuner v. Navarette*, 434 U. S. 562 (1978); *Pierson v. Ray*, 386 U. S. 556 (1967); Butz v. Economou, 438 U. S. 478 (1978). Immunity being a defense, "the burden of pleading it rests with the defendant," not with the Plaintiff, and not with the Magistrate Judge. *Gomez*, 446 U.S. at 640 (citing Fed. R. Civ. Pro. 8(c) (defendant must plead any "matter constituting an avoidance or affirmative defense"); 5 C. Wright & A. Miller, Federal Practice and Procedure § 1271 (1969)). Respectfully, it is not for Magistrate Lammens but for Defendant Myers to raise the defense of immunity.

It would, therefore, be clear error to dismiss Plaintiff's Complaint on the grounds of judicial immunity in regard to Defendant Myers.

### III. CONCLUSION

Plaintiff is indisputably indigent. The issue is whether Plaintiff's Complaint is frivolous and should be dismissed *sua sponte*, along with Plaintiff's motion to proceed *in forma pauperis*.

The *Younger* abstention doctrine does not apply in this case, as Plaintiff does not seek to enjoin state court proceedings and is suing in regard to actions and restrictions outside of the state court's authority. Moreover, special circumstances exist that not only allow but require Plaintiff to file the present action in this Court, namely, that the Defendants have used COVID as an excuse to refuse to allow contact between parents and minor children, causing actual, severe, irreparable harm to Plaintiff and his sons. Neither is there remedy for Plaintiff in state court, as Defendant Family Ties holds a monopoly on supervised visitation in all referrals through Defendant Ninth Judicial Circuit.

Judicial Immunity does not bar suit against Defendant Myers, as he is sued in his capacity as administrative head of the Ninth Judicial Circuit, not as the judge presiding in Plaintiff's criminal matter. Neither would judicial immunity apply in any event, as Plaintiff sues for injunctive relief, not damages. Furthermore, if Defendant Myers were ultimately considered immune, it is his prerogative to assert that defense, not the Plaintiff's or the Magistrate's. Finally, even assuming *arguendo* that Judge Myers may ultimately be removed as a Defendant, it would not warrant a dismissal of the Complaint against the other Defendants.

Wherefore Plaintiff respectfully objects to the Report and Recommendation of Magistrate Judge Lammens and prays that this Court may enter an Order granting

Plaintiff's motion to proceed *in forma pauperis* and allowing this matter to proceed as scheduled.

## CERTIFICATE OF SERVICE

I hereby certify that on 25 March 2021 I electronically filed the foregoing with the Clerk of the Court for the Middle District of Florida via the Electronic Filing System.

Dated: 25 March 2021                                                   Respectfully submitted,

/s/ Augustus Invictus
Augustus Invictus
424 E. Central Blvd. #156
Orlando, Florida 32801
Phone: 407.625.5636
Email: InvictusPA@protonmail.com