UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
OCALA DIVISION

AUGUSTUS INVICTUS,
    Plaintiff,

vs.                                    Case No.: 5:21-cv-103-PGB-PRL

NINTH JUDICIAL CIRCUIT
and FAMILY TIES,
    Defendants.
_____/

## DEFENDANTS' MOTION FOR PROTECTIVE ORDER AND MOTION TO STAY DISCOVERY

Defendants, the Ninth Judicial Circuit Court and Family Ties (hereinafter "Defendants"), by and through the undersigned counsel, respectfully move this Honorable Court, pursuant to Fed. R. Civ. P. 26(c), to issue a protective order to Defendants in this matter and stay discovery, pending the resolution of Defendants' Motion to Dismiss Plaintiff's Amended Complaint (Doc. 36). Defendants' Motion to Dismiss is likely to dispose of all pending claims in the Amended Complaint because: (1) Plaintiff's claim for prospective injunctive relief is moot and should be dismissed for lack of subject-matter jurisdiction, (2) Plaintiff's claims for damages and retrospective declaratory relief are barred by Eleventh Amendment immunity, and (3) Plaintiff failed to state a claim against Defendants.

## I.     BACKGROUND AND PROCEDURAL HISTORY.

On June 28, 2021, Plaintiff filed his Amended Complaint seeking damages, injunctive relief, and declaratory relief against Defendants the Ninth Judicial Circuit Court and the Ninth Judicial Circuit's visitation program, Family Ties. (Doc. 35 at 1).  Plaintiff alleges between February 15, 2021 to June 12, 2021, Defendants' COVID-19 policies prevented him from having in-person supervised visitation with his children and only permitted fifteen minutes of supervised virtual contact.  (Doc. 35 at 4).  Plaintiff claims on June 16, 2021, Family Ties stopped supervising his visits and visitation is now supervised through a private company. (Doc. 35 at 4).

Plaintiff alleges that Defendants' COVID-19 visitation policy: (1) violated his Fifth and Fourteenth Amendment due process rights, (2) violated his Fifth and Fourteenth Amendment liberty interests, and (3) violated his basic rights under Art. I, Sect. 2 of the Florida Constitution.  (Doc. 35 at 4-7).

Plaintiff claims he suffered $100,000 in damages from Defendants' COVID-19 policy.  (Doc. 35 at 5-7).  Plaintiff also seeks retrospective declaratory relief stating Defendants' COVID-19 visitation policy violated Plaintiff's state and federal rights, seeks to permanently enjoin Defendants' COVID-19 visitation policy, and requests an injunction prohibiting any future interference with Plaintiff's general rights.  Plaintiff also seeks punitive damages, exemplary

damages, and attorney's fees and costs pursuant to 42 U.S.C. § 1988. (Doc. 35 at 8-9).

On June 7, 2021, Plaintiff filed[1] a Request for Production on Defendants which requested all documents related to: (1) the creation of the Family Ties visitation program; (2) any documents related to this lawsuit; (3) any documents related to Plaintiff; (4) Electronically Stored Information; (5) all documents related to the supervised visitation policy at issue; (6) documents related to any claims or defenses in this lawsuit; (7) documents that show in-person visitation was refused; (8) the identification of any items that contain information related to the lawsuit; and (8) the identification of persons with knowledge of the visitation policy. (Doc. 32).

On July 7, 2021, Defendants filed a Motion to Dismiss the Amended Complaint (Doc. 36) which argues Plaintiff's claims for damages and retrospective injunctive and declaratory relief are barred by Eleventh Amendment immunity; Plaintiff's claims for injunctive relief are moot because Plaintiff, who is receiving supervised visits from a third-party provider, no longer has an interest in the outcome of this case; and Plaintiff failed to state a cause of action.

---

[1] This Court struck Plaintiff's Request for Production due to Plaintiff's non-compliance with Fed. R. Civ. P. 5(d)(1)(A). (*See* Doc. 33). Plaintiff has not properly served his Request for Production on Defendants.

Due to the arguments set forth in Defendants' Motion to Dismiss, which are likely to dispose of all claims in the Amended Complaint, Defendants request that this Honorable Court enter a protective order and stay all discovery deadlines in this case pending the Court's review of Defendants' Motion to Dismiss.

## II.     ARGUMENT

Rule 26(c) of the Federal Rules of Civil Procedure authorizes this Court for good cause to "issue an order to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense." "Rule 26(c) confers broad discretion on the trial court to decide when a protective order is appropriate …." *Seattle Times Co. v. Rhinehart*, 467 U.S. 20, 36 (1984). Good cause "signifies a sound basis or legitimate need to take judicial action." *In re Alexander Grant & Co. Litig.*, 820 F.2d 352, 356 (11th Cir. 1987). A district court is entitled to broad discretion in managing pretrial discovery matters. *Klay v. All Defendants*, 425 F.3d 977, 981 (11th Cir. 2005). Discovery should be delayed "if possible" while dispositive motions are resolved to decrease costs to the litigants and save judicial resources. *Chudasama v. Mazda Motor Corp.*, 123 F.3d 1353, 1368 (11th Cir. 1997).

Rule 26(c) permits a stay of discovery on a showing of good cause and reasonableness. *Eternal Strategies, LLC v. Clickbooth Holdings, Inc.*, 2017 WL 7311849, *1 (M.D. Fla. Sept. 20, 2017) (citing *Chudasama v. Mazda Motor Corp.*,

123 F.3d 1353, 1368 (11th Cir. 1997) ("Facial challenges to the legal sufficiency of a claim or defense, such as a motion to dismiss based on failure to state a claim for relief, should…be resolved before discovery begins")). Although a motion to stay discovery is generally disfavored, *Id*. at *2, the Court should determine if the dispositive motion "appears to be clearly meritorious and truly case dispositive." *McCabe v. Foley*, 233 F.R.D. 683, 685-86 (M.D. Fla. 2006). If the possibility of granting the motion outweighs the harm caused by a delay in discovery, the motion should be granted. *Id*. Indeed, "[a] stay of discovery may be particularly appropriate where a claim of immunity has been raised, as one of the purposes of immunity is to 'protect public officials from the broad-ranging discovery that can be peculiarly disruptive of effective government.'" *Kinlocke v. Benton*, No. 1:16-cv-4165-TCB, 2017 WL 5639936, at *1 (N.D. Ga. Feb. 14, 2017) (quotation omitted).

Here, Defendants can demonstrate good cause and reasonableness for a protective order and stay of discovery. First, Defendants' Motion to Dismiss argues that all damages claims and requests for retrospective declaratory relief are barred by Eleventh Amendment immunity. When immunities are asserted, discovery should not be permitted to proceed until questions of immunity are resolved because "inquiries of this kind can be peculiarly disruptive of effective government." *Harlow v. Fitzgerald*, 457 U.S. 800, 817 (1982) (discovery is improper until the court resolves the question of immunity); see also *Mitchell v.*

*Forsyth*, 472 U.S. 511, 526 (1985). "The policy behind immunity does not merely extend to suits, it also extends to protection against discovery." *In re Lickman*, 304 B.R. 897, 903 (Bankr. M.D.Fla. 2004). To preserve its purpose, "entitlement to absolute immunity must be determined as early as possible." *Marx v. Gumbinner*, 855 F.2d 783, 788 (11th Cir.1988). "[S]ubjecting officials to trial, traditional discovery, or both concerning acts for which they are likely immune undercuts the protection from governmental disruption which official immunity is supposed to afford." *Id.*, quoting *Elliott v. Perez*, 751 F.2d 1472, 1478 (5th Cir. 1985). See also *Spence-Jones v. Rundle*, 991 F. Supp. 2d 1221, 1238 (S.D. Fla. 2013).

In *Redford v. Gwinnett Cty. Judicial Circuit*, 350 F. App'x 341 (11th Cir. 2009), the Eleventh Circuit addressed a very similar factual scenario to the case at bar and confirmed that a discovery stay is appropriate while judicial defendants' motions to dismiss raising immunities were pending. *Redford* was a 42 U.S.C. § 1983 action brought against a Georgia county judicial circuit and several judges. *See generally, id.* The Eleventh Circuit found that the magistrate judge acted within his discretion by staying discovery pending decision on defendants' motion to dismiss where immunity arguments raised serious questions about complaint's viability, noting that "subjecting officials to traditional discovery concerning acts for which they are likely immune would undercut the protection immunity was meant to afford." *Id.* at 346. Because Defendants have asserted Eleventh

Amendment immunity in their Motion to Dismiss, the Court has good cause to grant Defendants' request for a protective order and a limited stay of discovery is reasonable.

Second, good cause exists to grant Defendants' request for a protective order and stay because Plaintiff has failed to state a claim against Defendants. "Facial challenges to the legal sufficiency of a claim or defense, such as a motion to dismiss based on failure to state a claim for relief, should … be resolved before discovery begins." *Chudasama v. Mazda Motor Corp.*, 123 F.3d 1353, 1367 (11th Cir. 1997). Further, "immunity from suit under §1983 is a right not to be subjected to litigation beyond the point at which immunity is asserted." *Jeffrey Paul Howe v. City of Enterprise, et.al.*, 861 Fed. 3d 1302 (11th Cir. 2017). Defendants' Motion to Dismiss argues that Plaintiff cannot state a claim for a due process violation because Plaintiff does not have a fundamental right or protected liberty interest was impinged upon by Defendants' COVID-19 policy. Because Plaintiff is unlikely to prevail on his due process claim, the Court has good cause to grant Defendants' request for a protective order and entering a limited stay of discovery is reasonable.

Third, good cause also exists to grant a protective order because Plaintiff's claims for injunctive relief are moot and this Court lacks subject-matter jurisdiction to hear moot claims. Threshold issues such as challenges to subject-matter

jurisdiction should be determined before discovery commences. *Steel Co. v. Citizens for a Better Env't*, 523 U.S. 83, 94 (1998) ("without jurisdiction the court cannot proceed at all in any cause," other than to "announc[e] the fact and dismiss[] the cause."); *see also Univ. of S. Ala. V. Am. Tobacco Co.,* 168 F.3d 405, 410 (11th Cir. 1999) ("once a federal court determines that it is without subject matter jurisdiction, the court is powerless to continue."). "In deciding whether to stay discovery pending resolution of a pending motion, the Court inevitably must balance the harm produced by a delay in discovery against the possibility that the motion will be granted and entirely eliminate the need for such discovery." *Feldman v. Flood*, 176 F.R.D. 651, 652 (M.D. Fla. 1997). This may require the Court to take a "preliminary peek at the merits of the allegedly dispositive motion to see if on its face there appears to be an immediate and clear possibility that it will be granted." *Id.* In their Motion to Dismiss, Defendants argued that Plaintiff's claims for injunctive relief, which ask this Court to modify Defendants' current COVID-19 visitation policy. are moot because Plaintiff is no longer receiving supervised visitation through Family Ties and no longer has an interest in the outcome of this case. Plaintiff cannot obtain meaningful relief if an injunction is granted, his claim is moot, and this Court is likely to dismiss Plaintiff's claim for lack of subject-matter jurisdiction. As such, good cause exists to grant this motion for a protective order and stay discovery.

Finally, good cause exists for a stay in this case because Plaintiff's request for discovery related to the creation, organization, and implementation of Defendants' visitation program and documents related to Defendants' COVID-19 policies and procedures is overbroad and unduly burdensome. Defendants are likely to have all claims against them dismissed because Plaintiff's claims are moot, barred by Eleventh Amendment immunity, and Plaintiff failed to state a claim. Defendants should not be required to have courthouse staff and personnel spend days retrieving years of emails and documents related to a visitation program that is no longer providing services to Plaintiff. Defendant is no longer being affected by Defendants' visitation policies and will not be prejudiced if the Court grants a protective order and stay in this matter.

### III. CONCLUSION

Defendants respectfully request that this Honorable Court grant Defendants' motion for a protective order in this case and enter a limited stay of discovery until this Court considers the arguments in Defendants' Motion to Dismiss (Doc. 36). A protective order and stay would promote judicial economy, dispose of multiple Defendants and claims, and reduce the burden of litigation on state and local officials who are carrying out their important job duties. Plaintiff will not be prejudiced by this stay since he no longer receives visitation services from Defendants and his only interest in the outcome of this lawsuit is his request for damages which are barred

by Eleventh Amendment immunity. For all of the above reasons, Defendants request that this Honorable Court grant this request for a protective order and stay discovery in this matter until Defendants' Motion to Dismiss is ruled upon.

### IV. Local Rule 3.01(g) Certification

Pursuant to Local Rule 3.01(g), the undersigned counsels attempted to confer with Plaintiff on July 5, 2021, via email regarding this motion but Plaintiff has not responded to counsel's request.  There were multiple office closures throughout the state of Florida due to tropical storm Elsa from July 6-7, 2021, which may have prevented Plaintiff from responding to counsel's request.  Counsel will continue to make efforts to confer with Plaintiff regarding his position on this Motion and will update this certification once Plaintiff's position is known.

        **ASHLEY MOODY**
        **ATTORNEY GENERAL**

        */s/ Brittany Quinlan*
        Brittany Quinlan
        Assistant Attorney General
        Florida Bar No.: 102701
        OFFICE OF THE ATTORNEY GENERAL
        3507 E. Frontage Road, Suite 150
        Tampa, Florida 33607
        P: (813) 233-2880; Fax: (813) 233-2886
        Brittany.Quinlan@myfloridalegal.com
        Jehan.Azar@myfloridalegal.com
        Tyrell.Daniel@myfloridalegal.com
        Counsel for Defendant Ninth Judicial Circuit
        and Family Ties

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this 7th day of July 2021, I electronically filed the foregoing with the Clerk of Court by using CM/ECF which will serve those parties capable of electronic service, including Plaintiff, Augustus Invictus at Invictuspa@protonmail.com.

/s/ Brittany Quinlan
Brittany Quinlan
Assistant Attorney General