UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
OCALA DIVISION

AUGUSTUS INVICTUS,

    Plaintiff,

v.                                                Case No: 5:21-cv-103-PGB-PRL

NINTH JUDICIAL CIRCUIT and
FAMILY TIES,

    Defendants.

## REPORT AND RECOMMENDATION[1]

On June 28, 2021, Plaintiff filed his Amended Complaint pursuant to 42 U.S.C. § 1983 seeking damages, preliminary and permanent injunctive relief, and declaratory relief against Defendants – the Ninth Judicial Circuit, Florida and the Ninth Judicial Circuit's visitation program, Family Ties. (Doc. 35 at 1). Plaintiff alleges that between February 15, 2021 to June 12, 2021, Defendants' COVID-19 policies prevented him from having in-person supervised visitation with his children, and instead, only permitted a fifteen-minute video call once a week. (Doc. 35 at 3-4). Plaintiff claims that on June 16, 2021, his supervised visitation was transferred from Family Ties to a private company. (Doc. 35 at 4). On June 29, 2021—the day after filing his Amended Complaint—Plaintiff and his ex-wife entered into an agreement granting Plaintiff unsupervised visitation with his children. The next day, the state court approved the agreement and terminated supervised visitation. (Doc. 36-1).

---

[1] Within 14 days after being served with a copy of the recommended disposition, a party may file written objections to the Report and Recommendation's factual findings and legal conclusions. *See* Fed. R. Civ. P. 72(b)(3); Fed. R. Crim. P. 59(b)(2); 28 U.S.C. § 636(b)(1)(B). A party's failure to file written objections waives that party's right to challenge on appeal any unobjected-to factual finding or legal conclusion the district judge adopts from the Report and Recommendation. *See* 11th Cir. R. 3-1.

Plaintiff alleges that Defendants' refusal to allow Plaintiff in-person visitation with his own minor children violated his: (1) Fifth and Fourteenth Amendment due process rights, (2) Fifth and Fourteenth Amendment liberty interests, and (3) basic rights under Art. I, Sect. 2 of the Florida Constitution. (Doc. 35 at 4-7). Plaintiff claims he suffered in excess of $100,000 in damages from Defendants' actions. (Doc. 35 at 5-7). Plaintiff also seeks retrospective declaratory relief stating Defendants' COVID-19 visitation policy, on its face and as applied to Plaintiff, violated his state and federal rights; seeks to permanently enjoin Defendants' COVID-19 policy of refusing in-person visitation; and requests an injunction prohibiting any future interference with Plaintiff's constitutional rights. He also seeks punitive damages, exemplary damages, and attorney's fees and costs pursuant to 42 U.S.C. § 1988. (Doc. 35 at 8-9).

Defendants have now moved to dismiss Plaintiff's Amended Complaint. (Doc. 36). The Court agrees that Plaintiff's claims for injunctive relief are moot and should be dismissed for lack of subject matter jurisdiction and that his claims for damages and retrospective declaratory relief are barred by Defendants' Eleventh Amendment immunity.

I. **Standards**

Defendants move to dismiss Plaintiff's Amended Complaint pursuant to Rules 12(b)(1) and 12(b)(6) of the Federal Rules of Civil Procedure. A motion to dismiss pursuant to Rule 12(b)(1) provides for dismissal when a court lacks subject-matter jurisdiction. In reviewing a motion for lack of subject matter jurisdiction, the allegations of the complaint should be construed in the light most favorable to the pleader. *Scheuer v. Rhodes,* 416 U.S. 232, 237, (U.S. 1974); *Cole v. United States*, 755 F. 2d 873, 878 (11th Cir. 1990). A challenge to subject-matter jurisdiction can be brought through a facial attack, which looks at whether

plaintiff sufficiently alleged subject-matter jurisdiction, or a factual attack, which challenges the existence of subject-matter jurisdiction. *Lawrence v. Dunbar*, 919 F. 2d 1525, 1529 (11th Cir. 1990). A factual attack contests the court's power to hear a case and the court can look at matters outside the pleadings to determine whether jurisdiction exits. *Id.* In such a challenge a "'trial court is free to weigh the evidence and satisfy itself as to the existence of its power to hear the case without presuming the truthfulness of the plaintiff's allegations.'" *Makro Capital of Am., Inc. v. UBS AG,* 543 F.3d 1254, 1258 (11th Cir.2008) (quoting *Morrison v. Amway Corp.,* 323 F.3d 920, 925 (11th Cir. 2003).

When reviewing a motion to dismiss under Rule 12(b)(6), the court must accept all allegations as true and construe them in the light most favorable to the plaintiff. *Pielage v. McConnell*, 516 F.3d 1282, 1284 (11th Cir. 2008)). "To survive dismissal, 'the complaint's allegations must plausibly suggest that the plaintiff has a right to relief, raising that possibility above a speculative level; if they do not, the plaintiff's complaint should be dismissed.'" *James River Ins. Co. v. Ground Down Eng'g, Inc.*, 540 F. 3d 1270, 1274 (11th Cir. 2008) (*citing Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555-556 (2007)). "When there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief." *Ashcroft v. Iqbal*, 556 U.S. 662, 664 (2009). "[T]he tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions. Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.* at 678. "[C]onclusory allegations, unwarranted deductions of facts or legal conclusions masquerading as facts" will not survive a motion to dismiss. *Oxford Asset Mgt., Ltd. v. Jaharis*, 297 F.3d 1182, 1188 (11th Cir. 2002).

## II. Discussion

### A. Injunctive Relief

Plaintiff seeks to enjoin Defendants' COVID-19 visitation policy that prohibits in-person visitation between parents and children and to prevent Defendants from interfering with Plaintiff's constitutional rights. (Doc. 35 at 8). For a federal court to have jurisdiction over a case, a case or controversy must exist. *North Carolina v. Rice*, 404 U.S. 244, 246 (1971). A case becomes moot "when the issues presented are no longer 'live' or the parties lack a legally cognizable interest in the outcome." *Powell v. McCormack*, 395 U.S. 486, 496 (1969). "If events that occur subsequent to the filing of a lawsuit or an appeal deprive the court of the ability to give the plaintiff or appellant meaningful relief, then the case is moot and must be dismissed." *Al Najjar v. Ashcroft*, 273 F.3d 1330, 1336 (11th Cir. 2001). "Any decision on the merits of a moot case or issue would be an impermissible advisory opinion." *Id.* "Where mootness exists, the court is obliged to dismiss for lack of subject matter jurisdiction under Federal Rule of Civil Procedure 12(b)(1)." *Eye v. Bechtold*, 5:13-CV-374-OC-22PRL, 2013 WL 6643954, at *2 (M.D. Fla. Dec. 17, 2013).

Here, after filing this action, Plaintiff and his ex-wife reached an agreement, approved by the state court, giving Plaintiff unsupervised contact with his children. Because an injunction changing Defendants' COVID-19 policies would no longer provide any meaningful relief or benefit to Plaintiff, his request for injunctive relief is moot. Plaintiff attempts to overcome mootness by arguing that "[s]o long as Plaintiff has a pending family court case and can be referred to supervised visitation on false allegations made by his wife, the issue of an injunction against Defendants is not moot." (Doc. 39 at 1-2). However, the mere speculation that Plaintiff's agreement with his ex-wife could fall apart, and that the

Court could refer Plaintiff to supervised visitation is too speculative a basis upon which to rest jurisdiction.

For the same reason, the "capable of repetition, yet evading review" exception to mootness does not apply. Courts have held that it "applies only in exceptional situations, and generally only where the named plaintiff can make a reasonable showing that he will again be subjected to the alleged illegality." *Los Angeles v. Lyons*, 461 U.S. 95, 109 (1983). Here, Plaintiff's mere speculation that Defendants' conduct could happen again because his family law case is still open falls short of the requisite showing.

Accordingly, Plaintiff's claim for injunctive relief is moot and should be dismissed for lack of subject-matter jurisdiction.

### B. Damages and Declaratory Relief

Defendants argue that Plaintiff's remaining claims for damages and retrospective declaratory relief are barred by Eleventh Amendment immunity. The Eleventh Amendment bars suits by private individuals against a state in federal court unless the state consented to be sued, waived its immunity, or Congress abrogated the states' immunity. *Bd. of Trs. of Univ. of Ala. v. Garrett*, 531 U.S. 356, 363-64 (2001). The immunity "bars suits against state officials in federal court seeking retrospective or compensatory relief but does not generally prohibit suits seeking only prospective injunctive or declaratory relief." *Summit Medical Assoc., P.C. v. Pryor*, 180 F.3d 1326, 1337 (11th Cir. 1999).

Congress has not abrogated Eleventh Amendment immunity in 42 U.S.C. § 1983 cases and Florida has not waived its Eleventh Amendment immunity in federal civil rights actions. *Henry v. Fla. Bar*, 701 Fed. Appx. 878, 880 (11th Cir. 2017). "This immunity from suit extends to 'arms of the State,' including state courts and state bar associations." *Kaimowitz v. Florida*

*Bar*, 996 F.2d 1151, 1155 (11th Cir. 1993); *see Zabriskie v. Court Admin.*, 172 F. App'x 906, 908 (11th Cir. 2006) ("[U]nder Florida law, the judicial branch is a state agency. And the state court system—including employees of the circuit courts—is part of the judicial branch."). Because the Ninth Judicial Circuit Court is an arm of the State of Florida, the Ninth Judicial Circuit and Family Ties (which is a program of the Ninth Judicial Circuit) are entitled to Eleventh Amendment immunity from suit. *See Driessen v. 11th Judicial Circuit Court*, 522 Fed. App'x 797 (11th Cir. 2013) (Eleventh Amendment immunity applies to Eleventh Judicial Circuit); *Jackman v. 20th Judicial Circuit Court Administration*, No. 2:19-cv-8280FtM-38MRM, 2020 WL 3895425, *5 (M.D. Fla. July 10, 2020) (§ 1983 claim asserted against 20th Judicial Circuit barred by the Eleventh Amendment); *Rembert v. Pinellas County Florida*, No. 8:20-cv-10-T-60SPF, 2020 WL 1957876, *2 (M.D. Fla. January 3, 2020) *report and recommendation adopted by* 2020 WL 1955356 (April 23, 2020) ( Sixth Judicial Circuit Court as an arm of the State of Florida, is entitled to Eleventh Amendment immunity from § 1983 suit). Accordingly, Plaintiff's claims against Defendants for retrospective declaratory relief and damages are barred by the Eleventh Amendment and should be dismissed.

### III.    Recommendation

For the reasons stated above, it is **RECOMMENDED** that Defendants' motion to dismiss (Doc. 39) be **GRANTED** and Plaintiff's Amended Complaint be dismissed in its entirety.

Recommended in Ocala, Florida on August 26, 2021.

_____
PHILIP R. LAMMENS
United States Magistrate Judge

- 7 -

Copies furnished to:

Presiding District Judge
Counsel of Record
Unrepresented Party
Courtroom Deputy